IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:16-cv-1248-MMH-PDB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ESTATE of STEVEN SCHOENFELD and ) | |
| ROBERT SCHOENFELD, a distributee of ) | |
| the Estate of Steven Schoenfeld, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**AMENDED COMPLAINT**

The United States of America, by and through undersigned counsel, brings this suit to reduce to judgment civil penalties assessed against Steven Schoenfeld for his willful failure to report his financial interest in a foreign bank account pursuant to 31 U.S.C. § 5314 and its implementing regulations, as well as interest and late payment penalties that have accrued on those penalties. The United States submits the following allegations in support of this Complaint.

**Jurisdiction and Venue**

1. A delegate of the Secretary of the Treasury of the United States referred this case to the Department of Justice in accordance with 31 U.S.C. § 3711(g)(4)(C). This action is brought at the direction of the Attorney General of the United States.

2. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of a civil penalty.

3.     Venue is proper in this district under 28 U.S.C. § 1391 because Steven Schoenfeld was domiciled in this district and resided in Ponte Vedra Beach, Florida.

**Obligation to Report Interest in Foreign Accounts**

4.     Federal law requires every resident or citizen of the United States who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" to report that relationship to the Department of the Treasury annually.  31 C.F.R. § 1010.350(a); 31 U.S.C. § 5314(a).

5.     To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." 31 C.F.R. § 1010.350(a). At the time of the violation alleged in this complaint, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

6.     Any person who fails to report his or her interest in a foreign account may be subject to a civil penalty assessed by the Department of the Treasury. For violations involving the willful failure to report the existence of a foreign account, the maximum penalty that may be assessed is the greater of $100,000 or 50 percent of the balance in the foreign account at the time of the violation. 31 U.S.C. § 5321(a)(5).

**Defendants**

7.     Steven Schoenfeld died in 2015. The United States' claim against him is enforceable against his Estate pursuant to 28 U.S.C. § 2404.

8.     Steven Schoenfeld's son, Robert Schoenfeld, is named as a party to this suit and served on behalf of the defendant Estate because, on information and belief, there is no surviving

spouse; Robert Schoenfeld is the decedent's closest relative; and, upon his death, Steven Schoenfeld's retirement funds were distributed to Robert Schoenfeld.

### Steven Schoenfeld's Failure to Report Interest in a Foreign Account

9. Steven Schoenfeld was a citizen of the United States.

10. From approximately 1993 to 2010, Steven Schoenfeld had a financial interest in and/or signatory authority over a foreign account.

11. In 1993, Steven Schoenfeld established the account with UBS AG in Switzerland. It was funded with proceeds from the sale of an apartment in New York.

12. On or around July 14, 2010, Steven Schoenfeld closed the foreign account and wired its funds to a U.S.-based brokerage firm, Raymond James Financial Services.

13. Steven Schoenfeld's son, Robert Schoenfeld, was designated as the sole beneficiary and trading agent for Steven Schoenfeld's individual retirement account held with Raymond James Financial Services.

14. Steven Schoenfeld's assets in the foreign account generated income from interest, dividends, and Passive Foreign Investment Company gains.

15. Steven Schoenfeld did not timely report his income from, or financial interest in, his foreign account on his federal tax returns for any year of the account's existence.

16. Steven Schoenfeld reported interest and investment income from domestic sources, indicating knowledge that this type of income was required to be reported.

17. For tax years 2006 through 2010, a tax preparer completed Steven Schoenfeld's returns. Steven Schoenfeld did not disclose the account's existence to the preparer. As a result, the tax preparer indicated "no" when prompted to disclose any foreign accounts in Schedule B.

18. At some point in 2009, UBS AG notified account holders that it might provide their account information to the Service.

19. On August 4, 2010, Steven Schoenfeld's tax representative sent a letter to Robert Schoenfeld, who assisted in his father's financial affairs, detailing Steven Schoenfeld's obligations to report the existence of the foreign account and file amended returns reporting undisclosed income earned therefrom. The letter noted that Steven Schoenfeld personally met with the representative a few days prior and indicated that he did not plan to authorize UBS AG to release his account information to the Service. Steven Schoenfeld did not timely submit delinquent FBAR reports or amended returns as his representative advised.

20. Between January 1, 2008 and June 30, 2009, the foreign account's monthly balance remained well above $10,000. The account held a balance of $1,228,600 as of June 30, 2009.

21. On or before June 30, 2009, Steven Schoenfeld was required to file an FBAR reporting his financial interest in the account for calendar year 2008.

22. Steven Schoenfeld failed to timely file an FBAR for calendar year 2008. He did not otherwise timely disclose his interest in the account to the Department of the Treasury.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

23. Steven Schoenfeld's actions — including, but not limited to, his submission of tax returns that falsely indicated he had no foreign accounts and omitted income generated therefrom, his failure to timely file amended returns or delinquent FBAR reports after being notified of his error, and his refusal to authorize UBS AG's release of account information to the U.S. government — indicate willfulness in his failure to timely report his financial interest in his foreign account.

### Claim for Relief

24. On September 30, 2014, the Internal Revenue Service assessed a civil penalty against Steven Schoenfeld pursuant to 31 U.S.C. § 5321(a)(5) for willfully failing to file an FBAR for calendar year 2008.

25. The penalty was $614,300, which is equal to 50 percent of the foreign account balance ($1,228,600) at the time of the violation: June 30, 2009.

26. The Service gave Steven Schoenfeld notice of the penalty assessment and demanded payment thereof.

27. Despite notice and demand for payment, Steven Schoenfeld has failed to pay the civil penalty assessed against him.

28. As of August 16, 2016, the Estate of Steven Schoenfeld is liable to the United States for $690,188.69 which is comprised of the FBAR penalty, interest, and penalties for late payment under 31 U.S.C. § 3717(e)(2). Interest and other additional amounts continue to accrue as provided by law.

WHEREFORE, the United States of America requests that the Court:

A. Enter judgment against the Estate of Steven Schoenfeld and in favor of the United States in the amount of $690,188.69 as of August 16, 2016 for the penalties assessed against

Steven Schoenfeld under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties, and associated fees, plus further interest and statutory additions thereon as allowed by law from August 16, 2016 to the date of payment.

      B.      Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

Dated: December 14, 2016                                Respectfully submitted,

                                            CAROLINE D. CIRAOLO
                                            Principal Deputy Assistant Attorney General

                                            <u>/s/ Kari A.R. Powell</u>
                                            KARI A.R. POWELL
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 14198
                                            Ben Franklin Station
                                            Washington, D.C. 20044
                                            Tel: (202) 514-6068
                                            Fax: (202) 514-9868
                                            Kari.Powell@usdoj.gov