IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) Case No. 3:16-cv-01248-MMH-PDB |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ROBERT SCHOENFELD, a distributee of | ) |
| the ESTATE OF STEVEN SCHOENFELD, | ) |
|  | ) |
| Defendant. | ) |
| _____ | ) |

**UNITED STATES' OBJECTION TO DEFENDANT'S**
**SUPPLEMENT AND PROPOSED WITNESS LIST**

The United States objects to Defendant's "Supplementation of Initial Disclosures" filed on July 17, 2019. Dkt. No. 85. It is inappropriate to file discovery with the court and, in any event, discovery closed over 7 months ago. *See McIntosh v. Gauthier*, No. 5:03-CV-442-OC-10GRJ, 2005 WL 8159842, at *3 (M.D. Fla. May 4, 2005) (Federal Rule of Civil Procedure 26 and Local Rule 3.03(c) "do not contemplate the filing of discovery with the Court."); Dkt. No. 63 (setting December 11, 2018 as "the final date discovery shall be completed") (emphasis in original).

Defendant filed his Supplement with the Court because he intends to call Susan Brubaker as a trial witness. The United States first learned of Defendant's intent to use testimony from Ms. Brubaker and six other previously undisclosed individuals (Stephen Mangine, Jeffrey Hoadley, Terrance Grogan, Paul Healy, R. Kellen Bryant, and Kenneth Chatham) on July 15, 2019, when

1

the parties exchanged their proposed witness lists as required by Local Rule 3.06(b)(4).[1] The United States objects to the inclusion of three witnesses on Defendant's witness list—Ms. Brubaker, Mr. Grogan, and Mr. Chatham—and seeks their exclusion pursuant to Federal Rule of Civil Procedure 37(c) as a necessary consequence of Defendant's failure to disclose them in his initial disclosures, his response to an on-point interrogatory, or any timely discovery supplementation.[2]

### Defendant's Failure to Disclose

Defendant failed to disclose over half (seven out of 12) of his listed witnesses during discovery in violation of the Federal Rules of Civil Procedure. *Compare* Def.'s Initial Disclosures, Exhibit A, *with* Def.'s Witness List, Exhibit B. Defendant did not identify these seven individuals as persons in possession of discoverable information that Defendant might use to support his defense as required by Fed. R. Civ. P. 26(a)(1)(A). Nor did Defendant supplement his disclosures during discovery to identify them as required by Fed. R. Civ. P. 26(e)(1).[3]

The United States took the extra step of confirming the accuracy of Defendant's initial disclosures with an interrogatory asking him to identify "every person with knowledge

---

[1] It is unclear why Defendant's Supplemental Initial Disclosures only identifies Ms. Brubaker. Because Defendant's proposed witness list contains other undisclosed individuals, the United States files this objection in regards to multiple witnesses on Defendant's list whom he failed to disclose in discovery.

[2] Because Defendant improperly filed this Supplemental Initial Disclosure, thus bringing it to the Court's attention, the United States believes it needs to respond. Further, because the deadline for filing motions *in limine* has passed, the United States is filing this as an objection.

[3] By extension of that failure, Defendant never disclosed their contact information as required for initial disclosures, Fed. R. Civ. P. 26(a)(1)(A), and pretrial disclosures, Fed. R. Civ. P. 26(a)(3)(A). Nor did Defendant provide their addresses as required by Local Rule 3.06(b)(4) when he belatedly disclosed them to the United States on July 15, 2019.

concerning any facts that support" any and all defenses he intended to assert in this case. *See* Exhibit C, at 1. Defendant did not identify Ms. Brubaker, Mr. Grogan, or Mr. Chatham in response.[4] He did not indicate they had knowledge concerning any of his defenses, including the primary defense he intends to mount at trial: that Steven Schoenfeld's failure to file an FBAR was not willful. *Id.* at 1-2. Defendant never supplemented his interrogatory response to correct these omissions.

The United States independently identified and deposed Mr. Mangine, Mr. Hoadley, Mr. Healy, and Mr. Bryant during discovery. The scope and subject of their depositions may have varied, and additional discovery may have been taken, if Defendant had disclosed them pursuant to Rule 26. However, because Mr. Magine, Mr. Hoadley, Mr. Healy, and Mr. Bryant were deposed and subpoenaed as trial witnesses for the United States, any harm is likely minimal. Accordingly, the United States is not objecting to Defendant calling them as witnesses at trial. The same is not true of Ms. Brubaker, Mr. Grogan, and Mr. Chatham.

### Susan Brubaker, Terrance Grogan, and Kenneth Chatham

During the United States' deposition of Dr. Ana Jorquera, undersigned counsel learned that a woman named Susan Brubaker accompanied Steven Schoenfeld to some of his doctor's visits. Undersigned counsel endeavored to locate and contact Ms. Brubaker to learn more. Ms. Brubaker told undersigned over the phone that she was in a long-term romantic relationship with Steven's son, the Defendant in this action, Robert Schoenfeld. In light of her close connection to Defendant, undersigned counsel concluded Ms. Brubaker would not be a helpful witness for the United States. Because Defendant had not identified Ms. Brubaker as one of his potential

---

[4] Defendant listed Stephen Mangine and Jeff Hoadley in his interrogatory response. For this and other reasons, the United States is not moving to exclude them.

3

witnesses, undersigned counsel concluded that formal discovery from, or about, Ms. Brubaker was unnecessary.

Similarly, undersigned counsel identified Terrance Grogan's name in a document acquired from Defendant: Steven Schoenfeld's will. Undersigned counsel contacted Mr. Grogan to learn more about his relationship with Steven Schoenfeld. Mr. Grogan told undersigned counsel over the phone that he was a long-time friend of Robert Schoenfeld. Again, in light of his close connection to Defendant, undersigned counsel concluded Mr. Grogan would not be a helpful witness for the United States. Because Defendant had not identified Mr. Grogan as one of his potential witnesses, undersigned counsel concluded that formal discovery from, or about, Mr. Grogan was unnecessary.

If Defendant had disclosed Ms. Brubaker and Mr. Grogan as witnesses on whom he intended to rely, the United States would have taken their depositions, and possibly subpoenaed documents from them and made formal discovery requests to Defendant about them. Defendant, however, never disclosed them during discovery, either as part of his initial disclosures or in response to the United States' interrogatory. Nor did Defendant take Ms. Brubaker's and Mr. Grogan's deposition himself, in which case counsel for the United States would have been present and able to ask questions. The United States took these omissions as an assurance that its discovery resources were best directed elsewhere.

Kenneth Chatham is an employee of the Internal Revenue Service who played a role in the administrative examinations of Steven Schoenfeld. Defendant was aware of Mr. Chatham's role before this suit was filed. Records turned over by Defendant during discovery show Steven Schoenfeld's representatives corresponded with Mr. Chatham. Since the IRS's administrative actions are irrelevant to this *de novo* proceeding, and because Defendant did not identify Mr.

4

Chatham as a potential witness, undersigned counsel did not focus any discovery resources on him. Nor did Defendant take Mr. Chatham's deposition himself, in which case counsel for the United States would have been present and able to ask questions.

### Ms. Brubaker, Mr. Grogan, and Mr. Chatham Should Be Excluded from Testifying Because of Defendant's Discovery Abuses

The United States first learned of Defendant's intention to call Ms. Brubaker, Mr. Grogan, and Mr. Chatham on July 15, 2019: more than seven months after discovery closed and less than one month before trial. Federal Rule of Civil Procedure 37(c)(1) provides for the exclusion at trial of any witnesses or information not disclosed pursuant to Rule 26(a) or (e) unless non-disclosure was substantially justified or harmless. Fed. R. Civ. P. 37(c). Neither exception is present in this case.

Defendant has not justified his omissions. *See* Fed. R. Civ. P. 37(c); *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) ("The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.") (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)); *see also Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982) (upholding exclusion of witness in "the absence of any credible explanation for not making prior disclosure"). Nor could he. Ms. Brubaker was Defendant's girlfriend and Mr. Grogan was his long-time friend. Defendant knew exactly what they could and would say. Moreover, Defendant knew of people with whom he interacted at the administrative level, including Mr. Chatham, since well before this suit was filed.

Nor does Defendant posit that his failure was harmless. *Cf. Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.*, No. 603-CV-1860-ORL-19KRS, 2005 WL 2465020, at *2 (M.D. Fla. Oct. 6, 2005) ("Failure to timely make the required expert witness disclosures is harmless

when the party entitled to the disclosure suffers no prejudice."). The United States will be severely prejudiced if Defendant is permitted to call individuals to testify when the United States took no discovery from, or about, them based on Defendant's initial disclosures and interrogatory response failing to identify them as people playing a role in this suit. At this late date, Defendant's disclosure of Ms. Brubaker, Mr. Grogan, and Mr. Chatham is effectively meaningless. Discovery has long since passed, and trial is upon us.

Instead, Defendant remarkably argues no Rule 26 violation has occurred. Dkt. No. 85. He claims he has no duty to supplement because counsel for the United States independently learned of Ms. Brubaker.[5] This argument is untenable for two reasons. First, it overlooks what the Federal Rules of Civil Procedure require. Under Rule 26, parties must exchange the names and contact information of every individual with discoverable information they might use to support their claims or defenses in an action. Fed. R. Civ. P. 26(a)(1)(A). Parties have an ongoing obligation to supplement and correct those initial disclosures as well as their other discovery responses, including interrogatory responses, throughout discovery in a timely manner. Fed. R. Civ. P. 26(e)(1).

While it is true that the United States independently identified Ms. Brubaker, Mr. Grogan, and other individuals during discovery, the United States did not know that Defendant planned to use them in support of his defense. Without that vital information—linking Ms. Brubaker, Mr. Grogan, and Mr. Chatham to Defendant's case—the United States had no reason to know that they warranted formal discovery. *See Nance v. Ricoh Elecs., Inc.*, 381 F. App'x 919, 923 (11th Cir. 2010) (upholding exclusion of plaintiff's undisclosed witnesses despite the

---

[5] Defendant's supplemental initial disclosures do not mention Mr. Grogan, Mr. Chatham, or the other four witnesses whom Defendant failed to disclose. It is unclear why.

fact that they were persons with whom the defendant was already familiar); *cf. Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983833, at *3 (M.D. Fla. Oct. 6, 2014) (finding exclusion unwarranted where pleadings showed undisclosed witness was known to all parties, the witness appeared as plaintiff's representative at several depositions, the witness was central to defendant's own allegations, and plaintiff supplemented its disclosures to list the witness at the end of discovery). Defendant's interrogatory response reinforced the idea that the United States should focus discovery elsewhere. He specifically omitted Ms. Brubaker, Mr. Grogan, and Mr. Chatham from his response to the United States' interrogatory seeking to confirm the identities of all possible witnesses in this case.

Second and relatedly, Defendant's argument undermines the purpose of the Federal Rules of Civil Procedure. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1546–47 (11th Cir. 1985) ("The law's basic presumption is that the public is entitled to every person's evidence. . . . The Federal Rules of Civil Procedure strongly favor full discovery whenever possible."); *Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003) (finding the "very purpose of [Rule 26] is nullified" when a new disclosure is made after discovery has ended). Rule 26 confers on us an *affirmative duty* to share information. It is designed to prevent unfair surprise at trial and to allow parties the full opportunity to explore each other's positions. *Moss v. GEICO Indem. Co.*, No. 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *1 (M.D. Fla. Mar. 2, 2012) ("The scope of discovery is broad 'in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement.'") (quoting *Coker v. Duke & Co., Inc.,* 177 F.R.D. 682, 685 (M.D. Ala.1998)). It prevents witnesses from "lying in wait" until the last minute, thereby denying the opposing side of the opportunity to depose them

and seek discovery based on their testimony. *See Minebea Co. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005) (focusing on required disclosures for expert witnesses). Federal litigants cannot sit back, suppress information, and wait to see what the opposing side uncovers. Defendant should not be permitted to rely at trial on witnesses he withheld during discovery.

WHEREFORE, the United States objects to Defendant's inclusion of undisclosed individuals on his proposed witness list and respectfully requests that the Court exclude Susan Brubaker, Terrance Grogan, and Kenneth Chatham from testifying at trial pursuant to Federal Rule of Civil Procedure 37(c).

Dated: July 21, 2019

>   RICHARD E. ZUCKERMAN
>   Principal Deputy Assistant Attorney General
>   Tax Division
>
>   */s/ Kari A.R. Powell*
>   KARI A.R. POWELL
>   ROBERT S. SILVERBLATT
>   Trial Attorneys, Tax Division
>   U.S. Department of Justice
>   P.O. Box 14198
>   Washington, D.C. 20044
>   202-514-6068 (v)
>   202-514-4963 (f)
>   Kari.Powell@usdoj.gov
>   Robert.S.Silverblatt@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been electronically filed this 21nd day of July, 2019 with the Court via CM/ECF, which will serve an electronic copy on all counsel of record.

>   *s/ Kari A.R. Powell*
>   KARI A.R. POWELL
>   Trial Attorney