**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 3:16-cv-1248-J-34PDB

ROBERT SCHOENFELD, as distributee of
the Estate of Steven Schoenfeld,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant Robert Schoenfeld's amended answer and affirmative defenses. See Defendant's Amendment to Answer to Amended Complaint and Affirmative Defenses (Doc. 111; Amended Answer), filed on August 30, 2019. Rule 8, Federal Rules of Civil Procedure (Rule(s)), requires that a party responding to a pleading "state in short and plain terms its defenses to each claim asserted against it[.]" Fed. R. Civ. Pro. 8(b). "Each allegation must be simple, concise, and direct." Fed. R. Civ. Pro. 8(d). Pursuant to Rule 12, a court may, on its own initiative, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

In his first affirmative defense, Robert Schoenfeld asserts that Steven Schoenfeld's failure to report his foreign bank account was not willful.[1] See Amended Answer at 9-11.

---

[1] The Court laid out the facts of this case, including the foreign bank account reporting requirements, in its Order denying Robert Schoenfeld's motion for partial summary judgment, and the Court will not repeat that information here. See June 25, 2019 Order (Doc. 74).

In support of his affirmative defense, Robert Schoenfeld includes lengthy legal argument and case citations—material proper in legal memoranda, but almost never proper in a pleading. Indeed, both affirmative defenses read more like a motion to dismiss. As such, the Court concludes that paragraphs 2 through 16 of the first affirmative defense are due to be stricken.[2]

In his second affirmative defense, Robert Schoenfeld asserts that the government's "agency theory of liability is improper." Id. at 11. In particular, Robert Schoenfeld argues that the government will be unable to establish an agency relationship between him and Steven Schoenfeld, and, therefore, none of Robert Schoenfeld's actions may be attributed to Steven Schoenfeld. Id. at 11-18. Upon review, the Court concludes that the second affirmative defense merely disputes the government's ability to prove that Robert Schoenfeld was an agent of Steven Schoenfeld. As such, the Court determines it to be a denial rather than a true affirmative defense. See Losada v. Norwegian (Bahamas) Ltd., 296 F.R.D. 688, 690 (S.D. Fla. 2013) ("An affirmative defense is a defense which admits the essential facts of a complaint and sets up other facts in justification or avoidance. A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense. Affirmative defenses which simply deny the complaint's allegations are also not affirmative defenses." (internal quotation marks and citations omitted)). Thus, the Court finds that Robert Schoenfeld's entire second affirmative defense is due to be stricken.[3]

---

[2] Because lack of willfulness is an appropriate affirmative defense in this case, the Court will not strike the entire first affirmative defense.

[3] Courts in this circuit have suggested that when an affirmative defense is actually a denial, the proper course is to treat the affirmative defense as a specific denial rather than to strike it. See, e.g., Losada, 296 F.R.D. at 691 (collecting cases). However, because Robert Schoenfeld's second affirmative defense also improperly contains legal argument and case citations, the Court is not inclined to follow that course here. Regardless, the Court and the government are on notice of Robert Schoenfeld's intent to dispute that he acted as Steven Schoenfeld's agent.

Accordingly, it is

**ORDERED**:

Paragraphs 2 through 16 of Robert Schoenfeld's first affirmative defense and Robert Schoenfeld's entire second affirmative defense are **STRICKEN**.

**DONE AND ORDERED** in Jacksonville, Florida, on September 16, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc23

Copies to:
Counsel of Record